In the Matter of the Estate of GEORGE C. SCHLEGEL, Deceased. CAROLINE SCHLEGEL, Appellant; LINCOLN ROCHESTER TRUST COMPANY et al., as Cotrustees, Respondents.— Decree unanimously reversed, without costs of this appeal to any party, and matter remitted to Surrogate's Court of Monroe County for further proceedings in accordance with memorandum. Memorandum: The Surrogate denied the petition as supplemented, on the law and in the exercise of discretion. This determination was made on the face of the petition. It appears therefrom that petitioner Caroline Schlegel is the life beneficiary of a trust which contains over 40% of the stock of Schlegel Manufacturing Company, a closed corporation. She complains that dividends should have been much higher over a period of time and that moneys that should have been distributed to her and to other stockholders have been paid to officers and key personnel in the form of excessive bonuses. She also claims that stock has been offered to officers of the company without offering the same amounts to the trustees of the trust. Petitioner's request for financial and other information, it is claimed, has been denied. The trustees are Lincoln Rochester Trust Company and James Sproat. Sproat is also an officer and director of the corporation. The trustees contend that they may act independently and solely in accordance with their own discretion and that it is not within the province of the Surrogate to direct their activities in matters such as this. This may be so in some instances, but it is not necessarily so in this case. Sproat, the cotrustee, occupies a dual capacity. As a trustee he would owe a high degree of duty to petitioner in any event, but the fact that he acts as both trustee and an officer and director magnifies his responsibilities. His status reflects itself toward his cotrustee. The responsibility and obligations of the trustee Lincoln Rochester Trust Company must be measured somewhat by the fact that its cotrustee may well have personal interests in conflict with those of petitioner and the trust. We see no need for secrecy or for protection of officers, directors and employees of the corporation. Complete candor and co-operation are required. It would seem that the trustees now have, or at least should have, financial information concerning this corporation, the stock of which they have decided to retain as a substantial part of the corpus of the trust. It may be that petitioner should not have all of the relief that she has requested. That may be decided later. But it appears she is entitled to certain financial information, at least. To that end the trustees should be required to answer the petition as supplemented. After issue has been joined there should be a hearing at which petitioner shall have the right to present and examine witnesses, including of course, the cotrustee Sproat. After such hearing the

Surrogate shall determine what additional relief, if any, should be afforded petitioner. Although none of the relief herein granted is specifically requested by petitioner, what we have directed may well lead to the granting of one or more of her specific requests. In any event our determination is appropriate under her prayer "for any and further relief as to the court may seem just and proper". (Appeal from a decree of Monroe Surrogate's Court dismissing petitioner's application for an intermediate accounting and directing the trustees to secure an examination and permit the petitioner to inspect the books of the corporation.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.